UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JORDAN WILSON,<br><br>Plaintiff,<br><br>vs.<br><br>EPIZYME, INC., KENNETH BATE, ROY A. BEVERIDGE, GRANT BOGLE, KEVIN T. CONROY, MICHAEL F. GIORDANO, CARL GOLDFISCHER, PABLO LEGORRETA, DAVID M. MOTT, VICTORIA RICHON, and CAROL STUCKLEY,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff Jordan ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE OF THE ACTION**

1.  Plaintiff brings this action against Epizyme, Inc. ("Epizyme" or the "Company") and its corporate directors for violating 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9"), in connection with the Board's attempt to sell Epizyme to affiliates of Ipsen S.A. ("Ipsen") (the "Proposed Transaction").

2.  On June 27, 2022, Epizyme entered into an Agreement and Plan of Merger with Ipsen, Ipsen Pharma SAS ("Parent") and Hibernia Merger Sub, Inc. ("Purchaser"), a wholly owned subsidiary of Ipsen Biopharmaceuticals, Inc. (the "Merger Agreement"). The Merger Agreement provides that Ipsen will acquire Epizyme for (a) $1.45 in cash and (b) one contractual

contingent value right ("CVR") representing the right to receive one or more contingent payments of up to $1.00 in the aggregate upon the achievement of certain milestones, per share of Epizyme common stock, via a tender offer (the "Tender Offer").[1]

3. On July 12, 2022, the Board authorized the filing of the materially incomplete and misleading Schedule 14D-9 Solicitation/Recommendation Statement (the "Solicitation Statement") with the SEC. The Solicitation Statement, which recommends that Company stockholders tender their shares in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(d)(4), 14(e), and 20(a) of the Exchange Act.

4. It is imperative that the material information omitted from the Solicitation Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.[2]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(d)(4), 14(e), and 20(a) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder

---

[1] Pursuant to the Merger Agreement, Purchaser commenced the Tender Offer on July 12, 2022.
[2] The Tender Offer is currently scheduled to expire at one minute after 11:59 p.m., Eastern Time, on August 8, 2022.

pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and has been at all relevant times, the owner of shares of Epizyme common stock.

10. Defendant Epizyme is a Delaware corporation, with its principal executive offices located at 400 Technology Square, 4th Floor, Cambridge, Massachusetts 02139. Epizyme's shares trade on the Nasdaq Global Select Market under the ticker symbol "EPZM."

11. Defendant Kenneth Bate is and has been a director of the Company at all relevant times.

12. Defendant Roy A. Beveridge is and has been a director of the Company at all relevant times.

13. Defendant Grant Bogle is and has been President, Chief Executive Officer and a director of the Company at all relevant times.

14. Defendant Kevin T. Conroy is and has been a director of the Company at all relevant times.

15. Defendant Michael F. Giordano is and has been a director of the Company at all relevant times.

3

16. Defendant Carl Goldfischer is and has been a director of the Company at all relevant times.

17. Defendant Pablo Legorreta is and has been a director of the Company at all relevant times.

18. Defendant David M. Mott is and has been Chairman of the Board and a director of the Company at all relevant times.

19. Defendant Victoria Richon is and has been a director of the Company at all relevant times.

20. Defendant Carol Stuckley is and has been a director of the Company at all relevant times.

21. Defendants identified in paragraphs 11-20 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

22. On June 27, 2022, Epizyme announced that it had entered into the Proposed Transaction, stating in relevant part:

> **PARIS, FRANCE & CAMBRIDGE, MASSACHUSETTS,** 27 June 2022 – Ipsen (Euronext: IPN; ADR: IPSEY) and Epizyme (Nasdaq: EPZM) today announced that they have entered into a definitive merger agreement under which Ipsen will acquire Epizyme. The transaction was unanimously approved by both Ipsen and Epizyme Boards of Directors and is anticipated to close by the end of the third quarter of 2022, subject to the satisfaction of all closing conditions. Epizyme is a fully integrated, commercial-stage biopharmaceutical company developing and delivering transformative therapies against novel epigenetic targets for cancer patients.
>
> The primary focus of the acquisition is on the lead medicine, Tazverik® (tazemetostat), a first-in-class, chemotherapy-free EZH2[1] inhibitor, which was granted Accelerated Approval by the U.S. Food and Drug Administration (FDA) in 2020. It is currently indicated for adults with relapsed or refractory follicular lymphoma (FL) whose tumors are positive for an EZH2

4

mutation as detected by an FDA-approved test and who have received at least two prior systemic therapies, and for adult patients with relapsed or refractory follicular lymphoma who have no satisfactory alternative treatment options, as well as for adults and pediatric patients aged 16 years and older with metastatic or locally advanced epithelioid sarcoma not eligible for complete resection.**[i]** Tazverik is currently in the Phase III stage of a registrational confirmatory study (SYMPHONY-1) in combination with rituximab and lenalidomide ($R^2$) in patients with relapsed/refractory FL who have received at least one prior therapy. Initial results from the Phase III randomized portion of this study are planned to read out in 2026.

As part of the transaction, Ipsen will also acquire Epizyme's first-in-class, oral SETD2 inhibitor development candidate, EZM0414, which was granted FDA Fast Track status and is currently under evaluation in a recently initiated Phase I/Ib trial in adult patients with relapsed or refractory multiple myeloma and diffuse large B-cell lymphoma, as well as a portfolio of preclinical programs focusing on epigenetic targets.

"Through this agreement, we will expand our assets in oncology. Ipsen's capabilities and resources in oncology combined with Epizyme's will accelerate the growth of Tazverik to achieve its full potential in follicular lymphoma patients. The strength of data support Tazverik's positioning in patients with both EZH2 mutation positive and wild-type follicular lymphoma. We are compelled by the potential of its efficacy and tolerability profile, especially for elderly and/or frail patients who are treated in the community-based setting. Furthermore, we are excited to bring on board epigenetic expertise and the SETD2 inhibitor, as well as several pre-clinical compounds into our portfolio," said David Loew, Chief Executive Officer of Ipsen.

"Epizyme was founded in 2007 with a commitment to rigorous scientific research and a vision of developing novel epigenetic therapies. I am incredibly proud of what our team has accomplished over the past 15 years, from the approval of Tazverik to advancing our next novel investigational agent, EZM0414, to the clinic, as well as the progress made on our preclinical compounds focused on both hematologic malignancies and solid tumors," said Grant Bogle, President and Chief Executive Officer of Epizyme. "We expect that this acquisition and Ipsen's commitment to invest in the oncology space will ensure our epigenetic pipeline continues to advance in a way we could not have done on our own to bring transformative cancer therapies to patients in need."

**Financial highlights**
The acquisition of Epizyme will immediately provide incremental sales and will leverage the U.S. commercial infrastructure. Given the level of ongoing R&D expenses, the transaction is expected to be moderately dilutive on Ipsen's core operating income until the end of 2024. This is in line with Ipsen's medium-term outlook regarding its strategic focus on building a high-value and sustainable

pipeline through external innovation. The dilutive impact on 2022 core operating margin will be limited, given the expected timing of the transaction.

**Transaction details**
The Board of Directors of Epizyme has unanimously approved the transaction and recommended that the stockholders of Epizyme tender their shares in the tender offer. Royalty Pharma, Epizyme's largest stockholder with approximately 20.5% of Epizyme's total shares of common stock outstanding (on a non-diluted basis) as of the date hereof, has entered into a support agreement with Ipsen pursuant to which it has agreed to tender its shares in the tender offer.

Under the terms of the agreement and plan of merger, Ipsen, through a subsidiary, will initiate a tender offer to acquire all outstanding shares of Epizyme at a price of $1.45 per share in cash at the closing of the transaction, for an initial estimated aggregate consideration of $247 million[2] plus one contingent value right (CVR) per share. Each CVR will entitle its holder to deferred cash payments of $0.30 per CVR payable upon the first achievement of $250 million in aggregate net sales of Tazverik (excluding sales in Japan and Greater China[3]) in any period of four consecutive quarters, by 31 December 2026 and $0.70 per CVR payable upon receipt of U.S. regulatory approval necessary for the commercial marketing and sale of the combination of Tazverik and $R^2$ (rituximab and lenalidomide) in second-line follicular lymphoma by 1 January 2028. The $1.45 per share cash consideration represents a premium of approximately 144% compared to Epizyme's average closing price of $0.60 over the 30 trading days preceding announcement of the transaction. The transaction will be fully financed by Ipsen's existing cash and lines of credit.

The closing of the tender offer will be subject to customary conditions, including the tender of shares representing at least a majority of the total number of Epizyme's outstanding shares, the expiration of the waiting period under the Hart-Scott-Rodino Antitrust Improvements Act and other customary conditions. Upon the successful completion of the tender offer, Ipsen would acquire all shares not acquired in the tender through a second-step merger for the same consideration as the tendering shareholders.

**The Materially Incomplete and Misleading Solicitation Statement**

23.     On July 7, 2022, the Board caused to be filed a materially incomplete and misleading Solicitation Statement with the SEC. The Solicitation Statement, which recommends that Epizyme stockholders tender their shares in the Tender Offer, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) Company's financial projections and the financial analyses that support the

fairness opinion provided by the Company's financial advisor, MTS Securities, LLC. ("MTS"); and (b) potential conflicts of interest faced by the Company's additional financial advisor Jefferies LLC ("Jefferies") and Company insiders.

*Material Misrepresentations and/or Omissions Concerning MTS's Financial Analyses*

24.     The Solicitation Statement fails to disclose material information concerning MTS's financial analyses, including with respect to the financial advisor's *Discounted Cash Flow Analysis* ("*DCF*"). Specifically, the Solicitation Statement fails to disclose (a) the Company's cash flows for calendar year 2036 and going forward; (b) the Epizyme's terminal values; and (c) the inputs and assumptions underlying the range of discount rates utilized by MTS in connection with this analysis.

25.     With respect to the *Public Trading Comparable Companies* and *Precedent Transactions Analyses performed by MTS,* the Solicitation Statement fails to disclose the individual multiples and financial metrics for each of the respective selected companies and transactions MTS analyzed.

*Material Misrepresentations and/or Omissions Concerning Jefferies and Company Insiders' Potential Conflicts of Interest*

26.     The Solicitation Statement fails to disclose material information concerning potential conflicts of interest faced by both Company insiders and Jefferies, including the details of any services Jefferies has provided to Epizyme, Ipsen, or their affiliates in the previous two years. In addition, to the extent Jefferies has provided any such services, the Solicitation Statement fails to disclose any remuneration received by the financial advisor.

27.     The Solicitation Statement also fails to disclose material information concerning Company insiders' potential conflicts of interest, including the details of any employment and retention-related discussions and negotiations that occurred between Ipsen and Epizyme's

executive officers, as well as the discussions and negotiations concerning the "Special Recognition Letters" entered into with Jerald Korn and Jeffery Kutok, including who participated in all such communications, when they occurred and their content.

28.     The Solicitation Statement similarly fails to disclose whether any of Ipsen's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

29.     In sum, the omission of the above-referenced information renders statements in the "Opinion of the Company's Financial Advisor," "Person/Assets Retained, Employed, Compensated or Used," "Background of the Offer," and "Arrangements between the Company and its Executive Officers, Directors and Affiliates" sections of the Solicitation Statement materially incomplete and misleading in contravention of the Exchange Act.  Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff and the other stockholders of Epizyme will be unable to make a sufficiently informed decision in connection with the Tender Offer and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims Against All Defendants for Violations of Section 14(d) of the Exchange Act and SEC Rule 14d-9 Promulgated Thereunder**

30.     Plaintiff repeats all previous allegations as if set forth in full.

31.     Defendants have caused the Solicitation Statement to be issued with the intention of soliciting Epizyme stockholders to tender their shares in the Tender Offer.

32. Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

33. Section 14(d)(4) of the Exchange Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

34. SEC Rule 14d-9 sets forth, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

35. Item 8 of Schedule 14D-9 requires a company's directors to "[f]urnish such additional material information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

36. The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which omission renders the Solicitation Statement false and/or misleading.

37. Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

38. The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff and the other stockholders of Epizyme, who will be deprived of their right to make an

informed decision whether to tender their shares or seek appraisal if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.  Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## COUNT II

### Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act

39. Plaintiff repeats all previous allegations as if set forth in full.

40. Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders, or any solicitation of security holders in opposition to or in favor of any such offer, request, or invitation." 15 U.S.C. § 78n(e).

41. Defendants violated Section 14(e) of the Exchange Act by issuing the Solicitation Statement to Epizyme stockholders in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading.  Specifically, the Solicitation Statement misrepresented and/or omitted material facts concerning the Company's financial projections, Goldman Sachs' financial analyses, the background of the Proposed Transaction, and Company insiders' potential conflicts of interest.

42. Defendants knew that Plaintiff would rely upon their statements in the Solicitation Statement in determining whether to tender his shares pursuant to the Tender Offer or seek appraisal.

43. As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender his shares or seek appraisal.

## COUNT III

### Claims Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act

44. Plaintiff repeats all previous allegations as if set forth in full.

45. The Individual Defendants acted as controlling persons of Epizyme within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Epizyme, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

46. Each of the Individual Defendants was provided with or had unlimited access to copies of the Solicitation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

47. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Solicitation Statement at issue contains the

11

unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Solicitation Statement.

48.  In addition, as the Solicitation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Solicitation Statement purports to describe the various issues and information that they reviewed and considered; descriptions into which Company directors had input.

49.  By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

50.  As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e), Section 14(d) and SEC Rule 14d-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Epizyme stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Epizyme, and against defendants, as follows:

A.  Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, including the expiration of the Tender Offer, unless and until defendants disclose the material information identified above which has been omitted from the Solicitation Statement;

B.  In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Directing the Individual Defendants to file a Solicitation Statement that does not contain any untrue statements of material fact;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: July 22, 2022

**LONG LAW, LLC**

By */s/ Brian D. Long*
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@longlawde.com

*Attorneys for Plaintiff*